### Wendell *vs.* Shaw.

Where a creditor's bill calls upon the defendant to state whether, at the time of filing such bill, he possessed, owned, or had any interest in, any real estate, or chattel real, or any personal property, an answer stating that since the recovery of the plaintiff's judgment the defendant *had not been interested in any property* of any kind; and that no person had held any real estate or personal property, or interest therein, in trust for him, or for his benefit, in possession or otherwise, is to be regarded as substantially meeting the inquiry.

Where the bill requires the defendant to state the situation of his property and effects at the time of filing the bill, and the defendant answers that *at the time of the rendition of the plaintiff's judgment* he had no interest in any property, *and that he had not had, at any time since,* this is a sufficient answer to the inquiry.

In Equity. Exceptions to the answer of the defendant for insufficiency. The bill is a creditor's bill in the usual form. The grounds of the exceptions will appear in the opinion of the court.

*P. Y. Cutler,* for the plaintiff.

*L. Gardinier,* for the defendant.

Harris, J. The plaintiff insists, in the first clause of his first exception, that the defendant has not sufficiently answered with reference to the time of filing the bill in this cause, whether *he possessed, owned, or had any interest, in any real estate, or chattels ·real, or in any personal property, in possession, reversion, or remainder, of any name or kind.* The answer, though inartificially drawn, states that since the recovery of the judgment upon which the bill was filed, the defendant *had not been interested in any property* of any kind, and that no person had held any real estate, or personal property, or interest therein, in trust for him, or for his benefit, in possession or otherwise, either by deed, assignment, or in any other manner, except as before stated in the answer. I think these statements in the answer must be regarded as substantially meeting the

Wendell v. Shaw.

charge in the bill, upon which this branch of the first exception is founded.

The remainder of the first exception seems to relate to the form of the answer, so far as it purports to state the situation of the defendant's property and effects, at the time of filing the bill. The answer states that *at the time of the rendition of the judgment, the defendant had not, and that he had not had, at any time since, any interest, &c.* The plaintiff insists that this form of statement is not sufficient, but that the defendant should state expressly that at the time of filing the bill he had not any interest, &c. That mode of answering is certainly to be recommended, as meeting more directly the allegations and charges of the bill; but I am inclined to think it is sufficient for the defendant to state a time anterior to the filing of the bill, and with respect to which the plaintiff has thought fit also to interrogate him, and instead of repeating that he had no property at the time of filing the bill, after having denied owning any at such anterior time, to say that he had not had any at *any subsequent time ;* thus *necessarily* embracing the time of filing the bill. The whole of the first exception must therefore be disallowed. For the same reason the whole of the second exception must be disallowed, except so much as relates to the charge that at the time of filing the bill, the defendant had money, or bank notes, or bills, or notes of some kind or other, which were intended to pass as money. The matter of this clause of the exception has only been answered by the defendant with reference to the time of putting in his answer. And the defendant not having stated whether, at the time of filing the bill, he had any money, or bank bills, or notes of any kind, or which were intended to pass as money, in his possession or under his control, that part of the second exception should be allowed; but inasmuch as the whole of the fifth exception, which includes the same matter, must be allowed, it is proper to disallow the entire second exception.

The third, fourth, and seventh exceptions, are also disallowed, for reasons stated in reference to the first and second excep-

tions. And upon similar grounds, the fifth and sixth exceptions must be allowed.

The defendant having succeeded as to a majority of the exceptions, is entitled to costs against the plaintiff. But under the provisions of the 53d equity rule, the plaintiff is also entitled to the costs of the exceptions which have been allowed. The order must provide that the costs to which the defendant is entitled, be set off against the plaintiff's costs.

SAME TERM. *Before the same Justice.*